Kevin R. Anderson (4786)
Jocelyn Rick (9508)
Kellie K. Nielsen (11416)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:   (801) 596-2884
Facsimile:    (801) 596-2898
Email: kratrusteemail@ch13kra.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re: | Case No. 10-26751 |
|---|---|
| VAL JAY NOBLE<br>LORENE RAE NOBLE<br><br>Debtors. | Chapter 13<br>*FILED ELECTRONICALLY*<br>Judge William T. Thurman<br>(Confirmation Hearing:  *08/03/10 at 9:30 AM*) |

### TRUSTEE'S OBJECTION TO EXEMPTIONS

Pursuant to Fed. R. Bankr. P. 4003(b), Kevin R. Anderson, Standing Chapter 13 Trustee, hereby objects to the exemptions claimed in Schedule C on the following grounds:

1.    The Debtors filed their Chapter 13 petition for relief on 5/19/2010, and the First Meeting of Creditors under § 341 was held on 06/25/10.

2.    May 19, 2008 is the 730th day prior to the Debtors' petition date.

3.    The Debtors' Statement of Financial Affairs, Interrogatory No. 15 states that the Debtors lived in Las Vegas, Nevada.

4.    As set forth on the Debtors' Schedule C, the Debtors have claimed exemptions under Utah Code Ann. § 78-23.

5.      Section 522(b) of the Bankruptcy Code states that an individual debtor may exempt property listed in either § 522(b)(2) or § 522(b)(3) and if the debtor is required to claim the state exemptions under § 522(b)(3), then the debtor must apply the:

> State or Local Law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately proceed the date of the filing of the petition, or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.

6.      The Trustee objects to this exemption because it appears that the Debtors are not entitled to claim any exemptions under the Utah Code as the Debtors were domiciled in both Utah and Nevada between May 19, 2008 and May 19, 2010 and were domiciled in during the full/ majority of the 180 day period immediately preceding May 18, 2008.

7.      WHEREFORE, the Trustee objects to the Debtors' exemption claimed under Utah Code. The Trustee hereby objects to confirmation of the Debtors' plan unless the Debtors amend Schedule C to resolve this objection or file a response to this objection.

DATED: July 2, 2010.

                                             JR/s/
                                      Kevin R. Anderson, Esq.
                                      Standing Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 2, 2010, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

>ROBERT S. PAYNE
>ECF NOTIFICATION

The undersigned hereby certifies that on July 2, 2010, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

>VAL JAY NOBLE
>LORENE RAE NOBLE
>522 SOUTH 810 WEST NO. 5-104
>PLEASANT GROVE, UT 84062


>    /s/
>Office Chapter 13 Trustee